[Civ. No. 10276. Second Appellate District, Division Two.—June 5, 1935.]

JOHN J. O'NEIL, Appellant, v. DEPARTMENT OF PROFESSIONAL AND VOCATIONAL STANDARDS et al., Respondents.

John E. McCall for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondents.

STEPHENS, P. J.—This is an appeal from a judgment of the superior court in a writ of review sued out against the "Department of Professional and Vocational Standards, Carlos W. Huntington, Registrar of Contractors and Isabel Lambert". The matter here is upon the amended petition.

Title 130–a, Act 1660, General Laws, Deering's 1933 Supplement, sets up an elaborate system of licensing general contractors and places its administration under the jurisdiction of, and creates a bureau within the Department of Professional and Vocational Standards (sec. 377, Pol. Code) which shall be known as the contractor's license bureau. A "registrar" and "deputy registrar" of contractors is authorized (sec. 4). To obtain a license under the act, application must be made setting forth certain detail and no license is issued until and unless the applicant has satisfied the "registrar" of his integrity and fitness (sec. 5). All licenses expire on the last day of June of each year and renewals may be had (sec. 7). The registrar is authorized to initiate or to entertain upon a verified complaint an investigation looking to the *suspension* or *permanent revocation* of such license for certain causes (sec. 9).

The instant case was started before the registrar by the filing of a complaint against petitioner by Isabel Lambert

alleging various causes of complaint in petitioner's execution of a dwelling contract that had theretofore been entered into between them. The prayer for relief is general in nature. The hearing was had before a "District Supervisor", the testimony was reduced to writing and such district supervisor made "Findings and Recommendation". Under such heading the district supervisor found certain facts alleged to be true and recommended that petitioner be "found guilty and his name be flagged in Sacramento, and that no renewal of license or new license be issued until such time as the Registrar of Contractors is satisfied that he is worthy of having a contractor's license". Apparently, though this does not definitely appear, this report reached the "Registrar of Contractors", who made a *decision* in conformity with such recommendation.

From the first, petitioner objected to any proceedings upon the ground that there was no jurisdiction therefor and he offered no evidence, although he answered questions put to him by the "District Supervisor". One ground as to jurisdiction was that petitioner was not at the time of the proceeding a licensed contractor and it is not claimed that he was. His license had expired and he had not asked its renewal. Another ground is that the whole matter was the subject of a pending lawsuit in which the complainant was plaintiff and petitioner defendant. Petitioner alleges that such suit has been determined in his favor. This seems to be undenied.

The superior court entered the following order as a judgment: "It is therefore ordered, adjudged and decreed that the order of said respondents heretofore made finding petitioner guilty of the violation of subdivisions 1, 2, 4, 5, 7 and 10 of Section 9 of the Contractor's License Law of the State of California (Stats. 1929, Chap. 791, as amended; Stats. 1933, Chap. 573) be, and the same is hereby affirmed."

This judgment omits the penalty and therefore does not completely conform to the decision of the registrar who apparently realized that the act only authorized the revocation or suspension of a license in existence. The registrar's decision provided that petitioner was guilty of charges made and that defendant be "flagged" in Sacramento so that he could get no renewal or new license until the "Registrar of Con-

tractors is satisfied that he is worthy of having a contractor's license''.

Although the point is not raised, neither the source nor the authority of the officer designated as ''District Supervisor'' is clear. Throughout the act it is provided that the registrar (he is allowed deputy registrars) shall hear complaints.

We think it is clear that neither the Department of Professional Standards nor the bureau nor the officers provided for by the act herein under consideration, nor any other official acquired any jurisdiction of petitioner to consider or make any order and that the order made is null and void. This, of course, because petitioner herein was not a licensed contractor at the time of the proceeding which is a precedent necessity before any action is authorized.

The judgment of the superior court is reversed with direction that it adjudge and decree that the order made by the Registrar of Contractors be declared null and void for lack of jurisdiction.

Crail, J., concurred.